BRAND *v.* TEAGAN.

1. PROCESS—RIGHT OF LITIGANT TO SELECT SERVER.
    Right of litigant to select process server in justice's court is substantial one.

2. SAME—CONTROL OF SERVICE BY COURT—STATUTE.
    Neither court nor officer thereof may control service of process except when authorized by statute.

3. SAME—COMMON PLEAS COURT—DELIVERY OF PROCESS TO OFFICER OTHER THAN ONE DESIGNATED.
    Where certain constable was designated by litigant in præcipe to serve process, diversion of process to other constables was not within lawful power of judge, clerk, or deputy clerks of common pleas court of Detroit instituted under 3 Comp. Laws 1929, § 16369 *et seq.*

4. SAME—OFFICE PLAN AS TO SERVING PROCESS.
    Although clerk of common pleas court of Detroit has broad discretion in adoption, continuance, and change of *modus operandi* of his office in serving process, there are essentials which must be included in any plan.

5. SAME—DUTY OF CLERK TO ISSUE PROCESS.
    On filing præcipe and receiving fees, clerk of common pleas court of Detroit has legal duty to issue process, which includes its delivery for service, and public has right to rely on plan of delivery adopted and customary in the office.

6. SAME—DUTY OF CLERK TO FOLLOW PLAN ADOPTED.
    Whether plan adopted for service of process in common pleas court of Detroit is for convenience of clerk or that of public, clerk may not have secret exception to it which deprives litigant of prompt delivery of process with opportunity for service by constable of his selection.

7. SAME—BREACH OF DUTY TO ISSUE PROCESS.
    Refusal of clerk of common pleas court of Detroit to deliver process to constable designated in præcipe for service, in accordance with plan of office, and failure to deliver it to litigant, constituted breach of clerk's legal duty to issue process.

8. SAME—CONSTABLES—INTERFERENCE WITH EXERCISE OF OFFICE.
  Refusal of judge and clerk of common pleas court of Detroit to
    deliver process to duly qualified constable designated in
    præcipe to serve same constituted interference with con-
    stable's right to exercise of his office and perquisites thereof.

9. INJUNCTION—CONSTABLES—PARTIES—RIGHT TO MAINTAIN SUIT.
  Constable designated in præcipe to serve process has special,
    personal, and financial interest in performance by court clerk
    of his legal duty to deliver such process to him for service,
    and therefore he is proper party to maintain suit to enjoin
    judge and clerk from interfering with exercise of his office
    and perquisites thereof by refusing to deliver to him such
    process. ·

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 9, 1931. (Docket No. 45, Calendar No. 35,357.)  Decided February 27, 1931.

Bill by William Brand against William Teagan, clerk of the common pleas court for the city of Detroit, and Arthur E. Gordon, presiding judge, to enjoin interference with certain process directed to be served by plaintiff. Bill dismissed. Plaintiff appeals. Reversed.

*Wm. Henry Gallagher* (*S. Reymont Paul*, of counsel), for plaintiff.

*Goodenough, Voorhies, Long & Ryan*, for defendants.

FEAD, J. In August, 1929, under Act No. 260, Pub. Acts 1929 (3 Comp. Laws 1929, § 16369 *et seq.*), the common pleas court for the city of Detroit was instituted, supplanting the justice's court, but, except in a few respects, with the same jurisdiction, practice, and procedure. Defendant Arthur E. Gordon is presiding judge. Defendant William Teagan

is clerk of the court and has several deputies who do the detail work.

The court and clerk have continued the practice long obtaining in the justice's court in the issuance of process. Plaintiff or his attorney files in the clerk's office a præcipe for a writ and pays the court and service fees. The præcipe contains a space for the designation of the constable or other officer whom the plaintiff desires to make service. For convenience, each constable has a box in the clerk's office into which are put the writs he is designated to serve. In due course of routine a deputy clerk prepares the writ and puts it in the box bearing the officer's name.

About 25 constables are regularly engaged in serving process of the court. There are occasional black sheep in the flock. The court has adopted a rule providing for trial, before three judges, of any constable against whom written complaint shall be made and his temporary suspension from the right to serve its process in case of conviction. Another remedy for misconduct by a constable is provided by law through removal by the governor. 1 Comp. Laws 1929, § 3353.

Plaintiff was a regularly elected constable, duly qualified according to law, and had served process of the justice's court of Detroit for some years. When the common pleas court was instituted, defendants, each assuming full responsibility, gave orders that plaintiff was to be permitted to serve no more process of the court. No written complaint against him had been filed nor trial had under the rule or statute. Defendants were moved to the action because of verbal complaints made against plaintiff, and, upon investigation, they became satisfied he was not a fit person to serve process. After

the orders were communicated to the deputy clerks they gave plaintiff no writs to serve, but in cases where the præcipes designated him to make service, they canceled the directions and gave the process to other officers. By this procedure plaintiff was deprived of substantial fees and he brought this suit in equity to enjoin defendants from refusing to deliver writs to him when he was designated in the præcipes. The court dismissed his bill after hearing.

In taking summary action, defendants evidently acted in good faith and for a laudable purpose. But whether they were justified in fact is not the issue. The question is one of legal authority of the clerk to refuse delivery of the requested writs to plaintiff.

The right of a litigant to select a process server in justice's court is a substantial one. He is interested in the officer's diligence, discretion, and integrity, and also in the responsibility of his bond, both to secure proper service of his writ and to save himself from the liability sometimes imposed upon litigants for wrongful acts of an officer. The court, much less an officer thereof, cannot control the service of process except when authorized by statute. *Bowie* v. *Brahe,* 2 Abb. Prac. Rep. (N. Y.) 161. The diversion to other officers of process directed to plaintiff in the præcipes was not within the lawful power of defendants or the deputy clerks.

Defendants' principal point is that the plan of handling the process was a mere accommodation to litigants, that the clerk is under no legal duty to allow constables space in his office for process boxes, to deposit the process therein, nor otherwise to act as intermediary for delivery of writs to constables, and, as it is a mere courtesy, it may be granted or withheld by the clerk at his pleasure. The point is only partly sound. Undoubtedly the clerk has a

broad discretion in the adoption, continuance, and change of a *modus operandi* of his office, but there are essentials which must be included in any plan. On filing the præcipe and receiving the fees the clerk has the legal duty to issue the process, which includes its delivery for service. The public has the right to rely upon the plan of delivery adopted and customary in the office. A change in the plan, not brought to the attention of litigants, is justifiable only if the clerk assumes the active duty to otherwise deliver the process. Whether the plan is for his own convenience or that of the public, the clerk cannot have a secret exception to it which deprives the litigant of a prompt delivery of process with opportunity for service by a constable of his selection. In refusing to deliver writs to plaintiff, who was named in the præcipes as agent of litigants to receive and serve them, contrary to the plan of the office relied on by the public, and failing to make actual delivery to the litigant, his attorney or agent, the clerk breached his legal duty to issue the process.

Defendants' action constituted an interference, at least in part, with the right of plaintiff to the exercise of his office and the perquisites thereof. He has a special, personal, and financial interest in the performance of the legal duty of the clerk in the delivery of process directed to him, and is a proper party to maintain suit.

The decree dismissing the bill is reversed, without costs, but injunctive relief cannot now be granted by this court as plaintiff's term of office has expired.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.